# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

ROGELIO ESCAMILLA-LOPEZ,

Petitioner,

v.

LEANDER HOLSTON, *et al.*,

Respondents.

Case No. 2:26-cv-00242-RFB-BNW

**ORDER**

Pending before the Court is Petitioner Rogelio Escamilla-Lopez's Petition for Writ of Habeas Corpus (ECF No. 1), challenging the lawfulness of his detention at Nevada Southern Detention Center ("NSDC") in the custody of Federal Respondents. For the following reasons, the Court grants the Petition and orders Respondents to immediately release Petitioner on bond, with the conditions set forth by the immigration judge ("IJ") in his February 2, 2026, custody redetermination order.

Mr. Escamilla-Lopez is being held without opportunity for release on bond pursuant to the federal government's recent re-imagination of the Immigration and Nationality Act ("INA") to authorize mandatory detention—without a hearing—of all noncitizens charged with entering the United States without inspection. Department of Homeland Security ("DHS"), in conjunction with the Department of Justice ("DOJ"), adopted this new legal position, specifically concerning 8 U.S.C. § 1225(b)(2)(A), on a nationwide basis on July 8, 2025;[1] on September 5, 2025, the Bureau of Immigration Appeals (BIA) issued a precedential decision adopting this new interpretation of the government's detention authority under the INA. See Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) ("Hurtado"). Their "policy" now subjects millions of

---

[1] See ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission, AILA Doc. No. 25071607 (July 8, 2025), https://perma.cc/5GKM-JYGX.

undocumented U.S. residents to prolonged detention without regard for how long the noncitizen has resided in this country, and without any due process to ensure the government has a legitimate, individualized interest in detaining them.[2] This Court has now found—in over sixty cases—that "the plain meaning of the relevant statutory provisions, when interpreted according to fundamental canons of statutory construction," as well as the legislative history and decades of consistent agency practice establish "that the government's new interpretation and policy under [§ 1225(b)(2)(A)] is unlawful." Escobar Salgado v. Mattos, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356, at *17 (D. Nev. Nov. 17, 2025). This Court is in good company: over 300 federal judges, in more than 1,600 habeas cases, have considered the government's new statutory interpretation and found that it contravenes decades of agency practice and robust due process protections hitherto afforded to such residents under 8 U.S.C. § 1226(a).[3,4] For the reasons set forth below, the Court finds, yet again, that Respondents' detention of Petitioner is unlawful under the INA.[5]

Mr. Escamilla-Lopez filed the instant Petition on February 2, 2026. See ECF No. 1. On

---

[2] See Kyle Cheney & Myah Ward, Trump's new detention policy targets millions of immigrants. Judges keep saying its illegal., Politico (Sept. 20, 2025 at 4:00 p.m. EDT), https://www.politico.com/news/2025/09/20/ice-detention-immigration-policy-00573850, https://perma.cc/L686-E97L.

[3] The Court is well-aware of the small pool of non-binding case law Respondents put forth time and again, including the recent Fifth Circuit decision, Buenrostro-Mendez v. Bondi, Nos. 25-20496 & 25-40701, 2026 WL 323330 (slip op.) (5th Cir. Feb. 6, 2026), which reaches a conclusion contrary to that of this Court. However, the Fifth Circuit's decision is not binding here, and this Court remains unpersuaded by its reasoning and Respondents'. Moreover, these decisions, like Respondents in their arguments, fail to meaningfully contend with the hundreds of decisions from this Court and others across the country that find, as Judge Douglas did in her well-reasoned dissent, that the government's reinterpretation is deeply inconsistent with the text of the statute and long-standing immigration practices in this country. See Buenrostro-Mendez, 2026 WL 323330, at *10-18 (Douglas, J., dissenting); see also, Barco Mercado v. Francis, No. 1:25-CV-06852, at *9-10 (S.D.N.Y. Nov. 26, 2025) (collecting over 350 decisions by over 160 different district judges finding the application of §1225(b)(2)(A) to noncitizens residing in the United States unlawful).

[4] See Kyle Cheney, Hundreds of judges reject Trump's mandatory detention policy, with no end in sight, Politico (Jan. 5, 2026, at 5:55 a.m. EST), https://www.politico.com/news/2026/01/05/trump-administration-immigrants-mandatory-detention-00709494.

[5] The Court notes that Respondents spend pages of their Return arguing that Petitioner's detention does not violate due process, and yet, Petitioner made no due process argument. See ECF No. 5 at 18-21. In light of the extraordinary case load created by the government's novel mandatory detention policy, Respondents are advised that they do not have to oppose issues not before the Court for consideration. In doing so, they expend this Court's—and their own—limited resources.

February 4, 2026, the Court ordered Respondents not remove Petitioner from the District and show cause why relief should not be granted. See ECF No. 3. Federal Respondents filed their Return on February 9, 2026, and Respondent Mattos filed a Return on February 10, 2026, asserting "no position on the . . . relief sought." ECF Nos. 5, 7.

The Court makes the following findings of fact based on the Petition and documents filed by the parties. See ECF Nos. 1, 1-1, 5-2, 5-3. Mr. Escamilla-Lopez is a 51-year-old noncitizen originally from Mexico who entered the United States without inspection in March 2004. See ECF No. 1 at 6. Petitioner has developed deep family, community, and employment-related ties in the twenty years since: he lives in Las Vegas, Nevada with his spouse and two children, the youngest of whom is a U.S. citizen, and he has consistent work as the owner-operator of a landscaping company. See id. Petitioner was arrested by Immigration and Customs Enforcement ("ICE") on January 20, 2026, during a "targeted operation" in Las Vegas, far from any border or port of entry. See ECF No. 5 at 9. He was placed in removal proceedings and charged with, *inter alia*, being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. See ECF No. 5-2. After being transferred to NSDC, Petitioner requested a custody redetermination (bond) hearing before an IJ. See ECF 1-1. The IJ denied bond based on lack of jurisdiction pursuant to Hurtado, but stated that "[i]n the alternative, the court would set bond in amount of $2,000 with ATD at the discretion of DHS/ERO." Id.

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001); see also Demore v. Kim, 538 U.S. 510, 517 (2003); Trump v. J. G. G., 604 U.S. 670, 672 (2025) (describing immigration detainees' challenge to their confinement and removal

as falling "within the 'core' of the writ of habeas corpus.") (*per curiam*) (citations omitted).

As a preliminary matter, the Court has already found it has habeas jurisdiction to review Petitioner's challenge to the lawfulness of his detention, because the relevant jurisdiction stripping provisions of the INA, 8 U.S.C. § 1252 do not apply; the Court fully incorporates by references its prior findings on this point. See Escobar Salgado, 2025 WL 3205356, at *8-10; Hernandez Duran v. Bernacke, No. 2:25-cv-2105-RFB-EJY, 2025 WL 3237451, at *4 (D. Nev. Nov. 19, 2025); Posada v. Noem, No. 2:26-cv-00050-RFB-BNW, 2026 WL 194715, at *2-3 (D. Nev. Jan. 26, 2026). The Court also fully incorporates by reference its prior finding that administrative exhaustion is excused as futile due to the BIA's decision in Hurtado. Jacobo Ramirez v. Noem, No 2:25-cv-02136-RFB-MDC, 2025 WL 3270137, at *5-6 (D. Nev. Nov. 24, 2025).

The Court additionally incorporates by reference the legal background regarding the government's detention authority and removal proceedings under the INA, as well as the government's new statutory reading and mass detention "policy," set forth in its ruling in Escobar Salgado. 2025 WL 3205356, at *2-6. Petitioner challenges that interpretation of the INA, and his detention thereunder, as unlawful.[6] Petitioner argues this interpretation of the statutory scheme of §§ 1225 and 1226 is flawed, contradicting both the statutory framework and the long-standing agency practice of applying § 1226(a) to people like Petitioner. This Court agrees with Petitioner and fully incorporates by reference its holding and findings in Escobar Salgado v. Mattos. 2025 WL 3205356, at *10-22.

The federal habeas corpus statute "does not limit the relief that may be granted to discharge of the applicant from physical custody." Carafas v. LaVallee, 391 U.S. 234, 238 (1968). "Its mandate is broad with respect to the relief that may be granted." Id. "It provides that '[t]he court shall ... dispose of the matter as law and justice require.'" Id. (quoting 28 U.S.C. § 2243). The Court finds that the specific harm suffered by Petitioner, continued detention pursuant to the government's unlawful policy and incorrect statutory interpretation after he established

---

[6] Outside of the Court's own analysis, the Court also recognizes that Petitioner is a member of the class certified in Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), and that the District Court's Order in Bautista has recently become final, extending declaratory relief to the class. See Bautista, 2025 WL 3713987, at *32.

that continued detention was not warranted before the Las Vegas Immigration Court, is remedied by ordering his immediate release, subject to the bond conditions originally imposed by the IJ in the alternative.

Lastly, the Court defers on ruling on the matter of attorneys' fees and costs. Any fee petition should be filed within the deadlines and consistent with the requirements set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Based on the foregoing **IT IS HEREBY ORDERED** Mr. Escamilla-Lopez's Petition is **GRANTED.**

Respondents are **ORDERED** to release Petitioner from custody by **4:00 p.m. on February 13, 2026**. Petitioner shall be subject to the bond and other conditions imposed by the IJ.

**IT IS FURTHER ORDERED** that Respondents are enjoined from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). Thus, the Court **ORDERS** that Respondents are enjoined from invoking the automatic stay to continue Petitioner's detention, as the Court has already found the automatic stay unconstitutional and adopts that finding here. See Herrera v. Knight, No. 2:25-CV-01366-RFB-DJA, 2025 WL 2581792, at *13 (D. Nev. Sept. 5, 2025).

The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond, therefore, **IT IS FURTHER ORDERED** that Petitioner has until **March 13, 2026**, to satisfy the monetary bond conditions

**IT IS FURTHER ORDERED** that the parties shall file a joint notice of compliance with this Order by **February 16, 2026**.

**DATED:** February 12, 2026.

                                          _____
                                          **RICHARD F. BOULWARE, II**
                                          **UNITED STATES DISTRICT JUDGE**